# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-459 |
| Plaintiff, | | **JURY TRIAL DEMANDED** |
| v. | | |
| MICROSOFT CORPORATION | | |
| Defendant. | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Microsoft Corporation ("Microsoft" or "Defendant") and alleges:

## **NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## **THE PARTIES**

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, Defendant Microsoft Corporation is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. On information and belief, Microsoft has been registered to do business in the state of Texas under Texas SOS file number 0010404606 since about March 1987.

5. On information and belief, Microsoft has had regular and established places of business in this judicial district since at least 2002.

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute, because Microsoft has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum. For example, on information and belief, Microsoft has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b).

10. This district was deemed to be a proper venue for patent cases against Microsoft in actions bearing docket numbers: 6-19-cv-00572 (*Zeroclick, LLC v. Microsoft Corporation*); 6-19-cv-00687 (*Exafer, Ltd. v. Microsoft Corporation.*); and 6-19-cv-00399 (*Neodron Ltd. v. Microsoft Corporation*).

11.     On information and belief, Microsoft maintains a variety of regular and established business locations in the judicial district including its Corporate Sales Office Locations, Retail Store Locations, and Datacenter Locations.

12.     On information and belief, Microsoft operates multiple corporate sales offices in the judicial district, and these offices constitute regular and established places of business.

13.     On information and belief, Microsoft employs hundreds of employees within its corporate sales offices located in the judicial district.

14.     On information and belief, Microsoft has an established place of business in this judicial district known as "Corporate Sales Office: Austin" located at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and "Microsoft Retail Store: The Domain" located at 3309 Esperanza Crossing, Suite 104 Austin, Texas 78758.



https://www.microsoft.com/en-us/about/officelocator?Location=78759

15.     On information and belief, Microsoft's "Corporate Sales Office: Austin" and "Microsoft Retail Store: The Domain" locations were respectively assessed by the Travis County Appraisal District in 2019 to have market values of over $2.3 million dollars and $2.7 million dollars.



http://propaccess.traviscad.org/clientdb/SearchResults.aspx

16.     On information and belief, Microsoft has another established place of business in this judicial district known as "Corporate Sales Office: San Antonio" located at Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258.



Source: Google Maps

9

17. On information and belief, Microsoft owns and operates multiple datacenters in the judicial district, including without limitation data centers located at 5150 Rogers Road, San Antonio, Texas 78251; 5200 Rogers Road, San Antonio, Texas 78251; 3823 Weisman Boulevard, San Antonio, Texas 78251; and 15000 Lambda Drive, San Antonio, Texas 782245.

18. On information and belief, Microsoft utilizes its datacenter locations in this judicial district as regular and established places of business. As a non-limiting example, the data centers in San Antonio are referred to within Microsoft as "US Gov Texas."

19. On information and belief, thousands of customers who rely on the infringing datacenter infrastructure that Microsoft's engineering and operations teams have built, reside in this judicial district.

**COUNT ONE - INFRINGEMENT OF
U.S. PATENT NO. 7,750,286**

20. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

21. On July 6, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,750,286 ("the '286 Patent"), entitled "Compact Image Projector Having a Mirror for Reflecting a Beam Received From a Polarization Beam Splitter Back to the Polarization Beam Splitter." A true and correct copy of the '286 Patent is attached as Exhibit A to this Complaint.

22. Brazos is the owner of all rights, title, and interest in and to the '286 Patent, including the right to assert all causes of action arising under the '286 Patent and the right to any remedies for the infringement of the '286 Patent.

23. Microsoft makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, augmented reality headsets and services, including the Microsoft HoloLens series headsets and associated services (collectively, the "Accused Products").



https://www.microsoft.com/en-us/hololens?icid=SSM_AS_Promo_Devices_HoloLens2

24. The Accused Products include HOLOEYE PLUTO liquid crystal on silicon (LCOS) reflective phase-only spatial light modulator (SLM).

> 2016 [8]. Microsoft demonstrated the HoloLens, its first self-contained augmented reality (AR) device, using PLUTO LCoS-SLM (Holoeye Photonics; AG, Berlin, Germany) in the same year [9]. In addition to

https://www.mdpi.com/2076-3417/8/11/2323/pdf

> ### 4 IMPLEMENTATION
> #### 4.1 Hardware
> We constructed four prototype displays which we assess in Section 5.2. Each prototype included a HOLOEYE PLUTO (model HES-6010-VIS) liquid crystal on silicon (LCOS) reflective phase-only spatial light modulator with a resolution of 1920×1080 pixels. The pitch of the SLM is 8 $\mu$m, and the active area is 15.36×8.64 mm. The SLM was illuminated by a single optical fiber that was coupled to three

https://www.microsoft.com/en-us/research/wp-content/uploads/2017/05/holo_author.pdf

25. Spatial Light Modulators (SLM) are devices used to modulate the amplitude, phase, or polarization of light waves in space and time. Holoeye Photonics' SLM systems are based on

LCD or LCOS liquid crystal micro displays.



https://holoeye.com/spatial-light-modulators/

26.     The Accused Products include a polarization beam splitter (PBS) optically coupled to the SLM and a mirror optically coupled to the PBS, where the PBS is adapted to direct an input beam to the mirror.

> 4  IMPLEMENTATION
>
> 4.1  Hardware
>
> We constructed four prototype displays which we assess in Section 5.2. Each prototype included a HOLOEYE PLUTO (model HES-6010-VIS) liquid crystal on silicon (LCOS) reflective phase-only spatial light modulator with a resolution of 1920×1080 pixels. The pitch of the SLM is 8 $\mu$m, and the active area is 15.36×8.64 mm. The SLM was illuminated by a single optical fiber that was coupled to three

https://www.microsoft.com/en-us/research/wp-content/uploads/2017/05/holo_author.pdf



Fig. 14. AR prototypes. *Left:* Full color benchtop prototype. *Right:* Compact prototype with miniaturized projector. The blue bordered inset image shows how the display was photographed.

https://www.microsoft.com/en-us/research/wp-content/uploads/2017/05/holo_author.pdf

27.　On information and belief, the Accused Products contain first and second quarter-wave plates used in the polarization of the light beam passing through the PBS so that the SLM can spatially modulate the beam received from the PBS and direct a resulting spatially modulated beam back to the PBS and so that a second quarter-wave plate may impart on the spatially modulated beam a second polarization that causes the PBS to direct the spatially modulated beam to an output port to form an output beam.

> laser diodes emitting at 448, 524, and 638 nm. The laser light was linearly polarized to match the requirement of the SLM. For full color operation, the displays operated in a color field sequential operation at a 20 Hz frame rate (60 Hz color field rate), limited by the refresh rate of the SLM. An Arduino microcontroller was used

https://www.microsoft.com/en-us/research/wp-content/uploads/2017/05/holo_author.pdf

> To use an SLM in amplitude modulation mode you need linear incident polarisation. The transmitted or reflected light has to be guided through a 2nd polariser (analyser) that is crossed to the incident polarisation. For phase modulation a setup without an analyser is used. With devices based on twisted nematic LC or LCOS displays the twist always causes a polarisation effect (amplitude modulation) and no phase only modulation is possible (phase mostly modulation).

https://holoeye.com/spatial-light-modulators/

28. In view of preceding paragraphs, each and every element of at least claim 1 of the '286 Patent is found in the Accused Products.

29. Microsoft has and continues to directly infringe at least one claim of the '286 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

30. Microsoft has received notice and actual or constructive knowledge of the '286 Patent since at least the date of service of this Complaint.

31. Since at least the date of service of this Complaint, through its actions, Microsoft has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '286 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.microsoft.com/en-us/hololens?icid=SSM_AS_Promo_Devices_HoloLens2

- https://www.microsoft.com/en-us/research/wp-content/uploads/2017/05/holo_author.pdf

32. Since at least the date of service of this Complaint, through its actions, Microsoft has contributed to the infringement of the '286 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '286 Patent. The Accused Products are especially made or adapted for infringing the '286 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '286 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A) Enter judgment that Microsoft infringes one or more claims of the '286 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Microsoft has induced infringement and continues to induce infringement of one or more claims of the '286 Patent;

(C) Enter judgment that Microsoft has contributed to and continues to contribute to the infringement of one or more claims of the '286 Patent;

(D) Award Brazos damages, to be paid by Microsoft in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Microsoft of the '286 Patent through the date such judgment is entered in

accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

  (E)  Declare this case exceptional pursuant to 35 U.S.C. § 285; and

  (F)  Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: June 2, 2020         Respectfully submitted,

               */s/ James L. Etheridge*
               James L. Etheridge
               Texas State Bar No. 24059147
               Ryan S. Loveless
               Texas State Bar No. 24036997
               Travis L. Richins
               Texas State Bar No. 24061296
               ETHERIDGE LAW GROUP, PLLC
               2600 E. Southlake Blvd., Suite 120 / 324
               Southlake, Texas 76092
               Telephone: (817) 470-7249
               Facsimile: (817) 887-5950
               Jim@EtheridgeLaw.com
               Ryan@EtheridgeLaw.com
               Travis@EtheridgeLaw.com

               **COUNSEL FOR PLAINTIFF**