IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-cv-00454-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-cv-00455-ADA |
| *Plaintiff*, | § | CIVIL ACTION 6:20-cv-00456-ADA |
| | § | CIVIL ACTION 6:20-cv-00457-ADA |
| | § | CIVIL ACTION 6:20-cv-00458-ADA |
| | § | CIVIL ACTION 6:20-cv-00459-ADA |
| v. | § | CIVIL ACTION 6:20-cv-00460-ADA |
| | § | CIVIL ACTION 6:20-cv-00461-ADA |
| | § | CIVIL ACTION 6:20-cv-00462-ADA |
| | § | CIVIL ACTION 6:20-cv-00463-ADA |
| MICROSOFT CORPORATION, | § | CIVIL ACTION 6:20-cv-00464-ADA |
| *Defendant.* | § | CIVIL ACTION 6:20-cv-00465-ADA |

**JOINT MOTION TO ENTER SCHEDULING ORDER**

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order to meet and confer in advance of the Rule 16 Case Management Conference and the Court's Order Governing Proceedings ("OGP"), the Parties have conferred on a proposed scheduling order and have exchanged competing scheduling orders. Plaintiff's Proposed Scheduling Order is attached as **Exhibit A**. Defendant's Proposed Scheduling Order is attached as **Exhibit B**.

The parties agree on the dates for all deadlines from the October 2, 2020 deadline for motions to transfer to the April 16, 2021 deadline to add parties. In accordance with the Order Governing Proceedings, the parties have briefly set forth below their respective positions on items where they cannot agree.

**Plaintiff's positions:**

Plaintiff's Proposed Scheduling Order (**Exhibit A**) is identical for all 12 of the above-captioned cases. It adopts the Court's Default Schedule. The parties agree to identical schedules for all 12 cases up until the deadline to serve final infringement and invalidity contentions, at which point Defendant breaks the cases into five groups and proposes different schedules for each of the groups. Defendant's proposed scheduling order requests significant deviations from the Default Schedule that are prejudicial to Plaintiff. The Court should adopt Plaintiff's proposal, which is based on the Default Schedule. *See Far North Patents, LLC v. NXP USA, Inc.*, 1-20-cv-00397 (WDTX) (8/1/2020 text-only docket entry) ("After careful review, the Court adopts Plaintiff's version given that it more closely tracks the Court's default schedule and Defendants have not provided sufficient reasons to depart from that.").

1. <u>Deadline to amend pleadings</u>

Defendant's proposal reduces the time to amend pleadings by one month for "Groups 2, 3, 5" and by almost two months for "Groups 1, 2." This deviation from the Default Schedule prejudices Plaintiff and should be rejected.

2. <u>Other deadlines based on *Markman* hearing date</u>

Defendant proposes drastically different dates for different groups of cases even though they are all set for *Markman* on March 4 and 5, 2021. Defendant's proposal to deviate from the Default Schedule is prejudicial to Plaintiff. For "Group 2" cases, for example, Defendant's proposal cuts fact discovery off *three months* before the default deadline, allowing *less than four months* of fact discovery. This is highly prejudicial to Plaintiff, particularly so since Defendant already has access to its own documents concerning accused products, information Plaintiff cannot begin to seek until discovery opens two weeks after *Markman*. Defendant's proposals for the

remaining deadlines in Group 2, including expert reports and expert discovery, are likewise curtailed by three months and are highly prejudicial to Plaintiff.  Defendant's proposals for Group 1 are equally prejudicial.

Staggering the case schedules at this early stage is arbitrary.  Any consideration of staggering the case schedules should wait until after *Markman* and after there has been some discovery, as *Markman* and discovery will inform: (1) whether staggering is necessary or helpful; and if so (2) which cases require more or less time to prepare (including time for fact and expert discovery). At this point, there is no reason to assume (as Defendant's proposal does) that discovery in "Group 2" can be concluded in less than four months but discovery in "Group 4" should last *eleven months*.  There is also not reason to assume, as Defendant does, that "Group 4 ('902)" requires *two months more* discovery than "Group 5."  Defendant's proposal to close discovery in Group 5 before Group 4 suggests Defendant may be seeking a strategic advantage based on discoverable information not yet produced.  The Court should adopt its Default Schedule in each case, as proposed by Plaintiff.

**Defendant's position:**

The proposed schedules concern twelve different WSOU lawsuits filed in June. None involve related patents, although certain cases relate to overlapping Microsoft products or services. Based on that overlap, the parties agreed to five groups of cases through pre-trial, four Markman hearings (over two consecutive days) and parallel schedules through Markman.

Each Microsoft case actually is a re-filing of allegations from a case filed earlier and then unilaterally dismissed by WSOU. WSOU has refused to explain the reason for the dismissal and refiling, but WSOU's similar conduct in dozens of other contemporaneously filed cases suggests standing issues. For this reason, and to identify other parties who might control potentially key witnesses, such as named inventors, Microsoft seeks a date certain within 4 weeks for production of all, fully non-redacted, agreements related to the ownership or control of the asserted patents. WSOU has not agreed to provide that.

WSOU also offers no suggestions to reduce the burden on the Court and the parties for managing the twelve Microsoft cases. Instead, WSOU proposes rote application of the Court's default schedule following the Markman hearings, as if the Court will convene twelve trials simultaneously in early 2022 – without regard to WSOU's other sixty-nine pending cases in this District and the remainder of the Court's civil and criminal docket.

In contrast to WSOU's monolithic approach, Microsoft proposes that the parties continue managing the cases as logical groups, with corresponding discovery limits, leading to a succession of spaced trials to lessen the burden on the court, the parties and witnesses. Microsoft proposes that two sets of cases, which appear less complex, be tried more quickly than the Court's default schedule. Correspondingly, Microsoft proposes the Court's default schedule for a second set of cases (albeit with non-overlapping trial dates), while proposing slightly longer

schedules for the remaining two sets of cases that involve more complex facts and technology. Discovery for more complicated cases simply requires additional time, which also accommodates the realities of spacing these twelve cases for trial. Specifically:

- First two groups: Relate to discrete products (HoloLens; Xbox and Xbox Live service). If not dropped (Microsoft has explained to WSOU how it misunderstands the HoloLens product), these should be ready for trial sooner than the default schedule.

- Second tier of cases: Relate to different Skype services for 1) consumers and 2) business. Nonetheless, these seem about average complexity and thus Microsoft proposes basically the default schedule, but with non-overlapping trials and pre-trial.

- Last two groups: Each of these relate to complex customer implementations in larger, more complicated Microsoft network and other services (Azure; Windows Server). WSOU's contentions are vague and detailed discovery will be necessary. As a practical matter, the number of likely witnesses and expert opinions will drive these cases beyond the others.

The Court, parties and witnesses also will require some spacing between cases. Plaintiff's schedule is not workable as the trials cannot occur simultaneously – even if these cases were the only cases on the Court's docket.

As another practical proposal, Microsoft asks to dispense with production of preliminary sales information. There is no question that Microsoft is a well-established, ongoing concern, and WSOU will receive ample financial discovery during regular discovery. Requiring Microsoft to expend resources to provide early production of information that will be made obsolete just a few months later imposes undue costs.

The attached schedule attempts to show for all cases any deviation from the default, though Microsoft understands that the Court will enter schedules specific to each case.

Date:  October 2, 2020				Respectfully submitted,

By:	*/s/ James L. Etheridge*

James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**Law Firm of Walt, Fair PLLC.**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*


*/s/ Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*