# EXHIBIT J



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

32498 7590 10/07/2014
CAPITOL PATENT & TRADEMARK LAW FIRM, PLLC
P.O. BOX 1995
VIENNA, VA 22183

| EXAMINER | |
|---|---|
| WINDER, PATRICE L | |
| ART UNIT | PAPER NUMBER |
| 2452 | |

DATE MAILED: 10/07/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/393,900 | 03/31/2006 | Girish P. Chandranmenon | 129250-002209/US | 9951 |

TITLE OF INVENTION: Methods and devices for maintaining sessions based on presence status information

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 01/07/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to: Mail** **Mail Stop ISSUE FEE Commissioner for Patents P.O. Box 1450 Alexandria, Virginia 22313-1450**

**or Fax (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

32498 7590 10/07/2014

CAPITOL PATENT & TRADEMARK LAW FIRM, PLLC
P.O. BOX 1995
VIENNA, VA 22183

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

(Depositor's name)

(Signature)

(Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/393,900 | 03/31/2006 | Girish P. Chandranmenon | 129250-002209/US | 9951 |

TITLE OF INVENTION: Methods and devices for maintaining sessions based on presence status information

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 01/07/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| WINDER, PATRICE L | 2452 | 709-205000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 ____________________

2 ____________________

3 ____________________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❑ Individual ❑ Corporation or other private group entity ❑ Government

4a. The following fee(s) are submitted:

❑ Issue Fee

❑ Publication Fee (No small entity discount permitted)

❑ Advance Order - # of Copies ____________________

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

❑ A check is enclosed.

❑ Payment by credit card. Form PTO-2038 is attached.

❑ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number ____________ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

❑ Applicant certifying micro entity status. See 37 CFR 1.29

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

❑ Applicant asserting small entity status. See 37 CFR 1.27

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

❑ Applicant changing to regular undiscounted fee status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature ____________________ Date ____________________

Typed or printed name ____________________ Registration No. ____________________



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/393,900 | 03/31/2006 | Girish P. Chandranmenon | 129250-002209/US | 9951 |

32498 7590 10/07/2014

CAPITOL PATENT & TRADEMARK LAW FIRM, PLLC
P.O. BOX 1995
VIENNA, VA 22183

| EXAMINER | |
|---|---|
| WINDER, PATRICE L | |
| ART UNIT | PAPER NUMBER |
| 2452 | |

DATE MAILED: 10/07/2014

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 11/393,900 | Applicant(s) CHANDRANMENON ET AL. | |
|---|---|---|---|
| | Examiner PATRICE WINDER | Art Unit 2452 | AIA (First Inventor to File) Status No |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *6-12-2014*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on______.
2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
3. ☒ The allowed claim(s) is/are *1,2,4-7,9-12,14 and 26-36*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .
4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐ All b) ☐ Some *c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ______ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE “MAILING DATE” of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as “replacement sheets”) must be submitted.
   ☐ including changes required by the attached Examiner’s Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**
6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner’s comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date 6-26-2014
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
5. ☒ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/PATRICE WINDER/
Primary Examiner, Art Unit 2452

The present application is being examined under the pre-AIA first to invent provisions.

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with John Curtin on Friday September 26, 2014.

The application has been amended as follows:

**In the claims:**

1. (Previously Presented) The method as in claim 12 further comprising: monitoring a presence status of a client device associated with the user; and maintaining an on-line gaining session on behalf of the user even when the status indicates the client device is inactive.

2. (Previously Presented) The method as in claim 1 further comprising forwarding messages to the client device when the client device is active, wherein the messages were received when the client device was inactive.

3. (Canceled).

4. (Original) The method as in claim 2 wherein the messages are forwarded wirelessly.

5. (Previously Presented) The method as in claim 1 further comprising collecting presence status information concerning the one or more third party users even when the client device is inactive.

6. (Previously Presented) The method as in claim 1 further comprising forwarding messages to the client device in order to update one or more indicators, wherein at least one of the indicators is associated with presence status information of the one or more third party users.

7. (Previously Presented) The method as in claim 12 further comprising: forwarding the request from the client device, to initiate an on-line gaining session, to a proxy agent; and receiving messages at the client device from the proxy agent during an active presence state, wherein the messages were originally received by the agent when the client device was inactive.

8. (Canceled).

9. (Previously Presented) The method as in claim 7 further comprising exchanging signaling messages between the client device and the proxy agent using short binary messages.

10. (Previously Presented) The method as in claim 7 wherein the request is forwarded wirelessly from the client device to the proxy agent.

11. (Previously Presented) The method as in claim 7 further comprising receiving one or more messages from the agent at the client device, wherein at least one of the

messages is used to update at least one indicator associated with presence status information of the one or more third party users.

12. (Currently Amended) A method for forming one or more groups associated with one or more online gaining sessions comprising:

receiving one or more identities of one or more third party users;

determining the availability of the identified third party users;

comparing profiles of the identified and available third party users, with attributes of a request to initiate an online gaining session of a game by a user, to determine the gaining skill level of the third party users;

forming a gaining group containing those third party users that are not currently involved in a gaining session of the game, and have the substantially same gaining skill level as that required by the request from the compared, identified and available users along with the user that initiated the request; [[and]]

further comprising:

initiating the online gaining session of the game for the formed gaining group;

forwarding requirements of the request on to a third party lobby to identify the third party users that satisfy the request; and

receiving an identification of each third party user that satisfies the request.

13. (Canceled).

14. (Currently Amended) The method as in claim 12 further comprising:

~~forwarding requirements of the request on to a third party lobby to identify the third party users that satisfy the request;~~

~~receiving an identification of each third party user that satisfies the request; and~~

forming the gaining group containing those third party users that are not currently involved in a gaining session of the game, and

satisfy the request along with the user that initiated the request.

15. (Canceled).

16. (Canceled).

17. (Canceled).

18. (Canceled).

19. (Canceled).

20. (Canceled).

21. (Canceled).

22. (Canceled).

23. (Canceled).

24. (Canceled).

25. (Canceled).

26. (Currently Amended) A system for forming one or more groups associated with one or more online gaining sessions comprising:

a memory storing instructions to implement a lobby, the lobby operable to receive one or more identities of one or more third party users;

determine the availability of the identified third party users;

compare profiles of the identified and available third party users, with attributes of a request to initiate an online gaining session of a game by a user, to determine the gaining skill level of the third party users;

form a gaining group containing those third party users that are not currently involved in a gaining session of the game, and have the substantially same gaining skill level as that required by the request from the compared, identified and available users along with the user that initiated the request; [[and]]

initiate the online gaining session of the game for the formed gaining group;

further comprising:

forward requirements of the request on to a third party lobby to identify the third party users that satisfy the request; and

receive an identification of each third party user that satisfies the request.

27. (Currently Amended) The system as in claim 26 wherein the memory comprises instructions further operable to:

~~forward requirements of the request on to a third party lobby to identify the third party users that satisfy the request;~~

~~receive an identification of each third party user that satisfies the request; and~~

form the gaining group containing those third party users that are not currently involved in a gaining session of the game, and satisfy the request along with the user that initiated the request.

28. (Previously Presented) The system as in claim 26 further comprising: a proxy agent, the agent operable to monitor a presence status of a client device associated

with the user; and maintain an on-line gaining session on behalf of the user even when the status indicates the client device is inactive.

29. (Previously Presented) The system as in claim 28, wherein the proxy agent is further operable to forward messages to the client device when the client device is active, wherein the messages were received when the client device was inactive.

30. (Previously Presented) The system as in claim 29, wherein the messages are forwarded wirelessly.

31. (Previously Presented) The system as in claim 28, wherein the proxy agent is further operable to collect presence status information concerning the one or more third party users even when the client device is inactive.

32. (Previously Presented) The system as in claim 28, wherein the proxy agent is further operable to forward messages to the client device in order to update one or more indicators, wherein at least one of the indicators is associated with presence status information of the one or more third party users.

33. (Previously Presented) The system as in claim 26 further comprising: a client device, the device operable to forward the request to a proxy agent; and

receive messages from the proxy agent during an active presence state, wherein the messages were originally received by the agent when the client device was inactive.

34. (Previously Presented) The system as in claim 33, wherein the device is further operable to exchange signaling messages with the proxy agent using short binary messages.

35. (Previously Presented) The system as in claim 33, wherein the device is operable to forward the request wirelessly to the proxy agent.

36. (Previously Presented) The system as in claim 33, wherein the device is further operable to receive one or more messages from the agent, wherein at least one of the messages is used to update at least one indicator associated with presence status information of the one or more third party users.

***Allowable Subject Matter***

Claims 1-2, 4-7, 9-12, 14, 26-36 are allowed.

The following is an examiner's statement of reasons for allowance: the prior art of record fails to teach or suggest identifying the third party users by sending the request through a third party lobby as recited in the claims. The closest prior art of record fails to teach or suggest a third party lobby identifies the third party users, see specifically references "C" and "D" of the attached PTO-892.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Any inquiry concerning this communication or earlier communications from the examiner should be directed to PATRICE WINDER whose telephone number is (571)272-3935. The examiner can normally be reached on Monday-Friday, 12:00 pm - 8:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thu V. Nguyen can be reached on 571-272-6967. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/PATRICE WINDER/
Primary Examiner, Art Unit 2452